IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR M. HAUPT and<br>CAROL M. HAUPT,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE GOODYEAR TIRE & RUBBER<br>COMPANY,<br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | HON. MARY A. McLAUGHLIN<br><br>CIVIL ACTION NO. 02CV2717 |

## O R D E R

AND NOW, this _____ day of _____, 2002, upon consideration of the Defendant's Motion for Dismissal or Transfer for *Forum Non Conveniens*, any any response(s) thereto, it is hereby ORDERED and DECREED that Defendant's Motion for Dismissal or Transfer for *Forum Non Conveniens* is GRANTED and:

☐　　this matter is hereby DISMISSED with prejudice for *Forum Non Conveniens*; or

☐　　this matter is hereby TRANSFERRED to the United States District Court, Middle District of Florida, Orlando Division. Costs and fees for transfer shall be borne by the Plaintiffs.

BY THIS COURT:

_____
　　　　　　　　　　　　J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR M. HAUPT and<br>CAROL M. HAUPT,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE GOODYEAR TIRE & RUBBER<br>COMPANY,<br>　　　　　Defendant. | :　HON. MARY A. McLAUGHLIN<br>:<br>:<br>:　CIVIL ACTION NO. 02CV2717<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S MOTION TO DISMISS OR TRANSFER
FOR *FORUM NON CONVENIENS*** 

　　NOW COMES Defendant, The Goodyear Tire & Rubber Company ("Goodyear"), by and through its undersigned counsel, FREY, PETRAKIS, DEEB, BLUM, BRIGGS & MITTS, P.C., and respectfully requests that this Honorable Court dismiss or, in the alternative, transfer the within litigation for *forum non conveniens* on the following grounds.

　　1.　Plaintiffs' Complaint alleges personal injuries arising out of a July 20, 2000 motor vehicle accident ("accident") in which the tractor-trailer operated by Plaintiff, Lamar M. Haupt ("Mr. Haupt"), collided with another tractor-trailer in Orlando, Orange County, **Florida**.  (A true and correct copy of Plaintiff's Complaint is attached hereto and marked as Exhibit A).

　　2.　The tractor-trailer with which Mr. Haupt's tractor-trailer collided during this accident was operated by Henry Thomas ("Mr. Thomas"), a **Florida** resident and a Goodyear employee who works out of Goodyear Commercial Tire and Service Center #2407 in **Florida**.

3. Mr. Thomas has alleged that the collision may have been caused when the brakes failed on the tractor-trailer which he was operating. This tractor-trailer is available for inspection in **Florida**.

4. Any third parties which Goodyear may wish to implead, such as any persons or entities who serviced the brakes on the tractor-trailer for Goodyear, are located in **Florida**.

5. Any independent eyewitnesses to the accident are located in **Florida**.

6. Any police officers or other persons who may have investigated the accident are located in **Florida**.

7. Despite the fact that this cause of action has no connection to the Eastern District of Pennsylvania, Plaintiffs chose to file their lawsuit in this district.

8. While Plaintiffs reside at 797 Elm Street, Lehighton, Pennsylvania, this address is located in Carbon County, which is encompassed by the Middle District of Pennsylvania. (A map of the Middle District of Pennsylvania Counties is attached hereto and marked as Exhibit B).

9. Upon information and belief, any medical treatment received by the Plaintiff took place in Carbon County.

10. Thus, the forum selected by the Plaintiffs is inconvenient to both the Defendant and the Plaintiffs.

11. In addition, counsel for the Plaintiffs has conceded that this litigation will be governed by **Florida** law.

12. Also, the judges of the Middle District of Florida are less burdened than those of the Eastern District of Pennsylvania. While both the Middle

District of Florida and the Eastern District of Pennsylvania are busy courts which each manage a little over 8,000 new cases per year, the Middle District of Florida is staffed by 33 judges (with 1 unfilled judgeship) while the Eastern District of Pennsylvania is staffed by approximately 20 judges (with 2 unfilled judgeships). (A true and correct copy of a portion of the Middle District of Florida's website is attached hereto and marked as Exhibit C).

13. Florida has a strong interest in the controversy, given that this litigation involves the interpretation of Florida law, an evaluation as to whether violations of the Florida motor vehicle code contributed to the accident, a determination as to liability for an accident which occurred on Florida roads and involved a tractor-trailer locally owned and operated, and the possibility of impleader of local third party defendants whose conduct may have contributed to or caused the accident.

14. By contrast, the Eastern District of Pennsylvania has no interest in this controversy.

15. Thus, this litigation pending in the Eastern District of Pennsylvania should be dismissed for *forum non conveniens.*

16. In the alternative, because this is a matter of local concern to Florida courts and juries, and, where feasible, matters of local interest should be decided by local juries and local courts most competent to administer local law, this litigation should be transferred to the United States District Court, Middle District of Florida, Orlando Division.

WHEREFORE, Defendant, The Goodyear Tire & Rubber Company, respectfully requests that this Honorable Court dismiss or, in the alternative, transfer the action of the Plaintiffs, Lamar M. Haupt and Carol M. Haupt, for *forum non conveniens* in the form of Order enclosed herewith.

Respectfully submitted,

By: _____
Peter J. Deeb, Esquire
Christine C. McGuigan, Esquire
Atty. I.D. No. 42281/86784
FREY, PETRAKIS, DEEB, BLUM
BRIGGS & MITTS, P.C.
1601 Market Street, Sixth Floor
Philadelphia, PA  19103
(215) 563-0500

Attorney for Defendant, The Goodyear Tire & Rubber Company

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAMAR M. HAUPT and : <br> CAROL M. HAUPT, : <br>         Plaintiffs, : <br> : <br> v. : <br> : <br> THE GOODYEAR TIRE & RUBBER : <br> COMPANY, : <br>         Defendant. : | HON. MARY A. McLAUGHLIN <br><br> CIVIL ACTION NO. 02CV2717 |

**DEFENDANT'S BRIEF IN SUPPORT OF**
**MOTION TO DISMISS OR TRANSFER**
**FOR *FORUM NON CONVENIENS***

NOW COMES Defendant, The Goodyear Tire & Rubber Company ("Goodyear"), by and through its undersigned counsel, FREY, PETRAKIS, DEEB, BLUM, BRIGGS & MITTS, P.C., and submits the within Brief in support of its motion to dismiss or, in the alternative, transfer the within litigation for *forum non conveniens*.

**I.** **Facts**

Plaintiffs' Complaint alleges personal injuries arising out of a July 20, 2000 motor vehicle accident ("accident") in which the tractor-trailer operated by Plaintiff, Lamar M. Haupt ("Mr. Haupt"), collided with another tractor-trailer in Orlando, Orange County, **Florida**. (See Exhibit A).

The tractor-trailer with which the Mr. Haupt's tractor-trailer collided during this accident was operated by Henry Thomas ("Mr. Thomas"), a **Florida** resident and a Goodyear employee who works out of Goodyear Commercial Tire and Service Center #2407 in **Florida**. Mr. Thomas has alleged that the collision may have been caused when the brakes failed on the tractor-trailer which he was operating. This tractor-trailer is available for inspection in **Florida**.

Any third parties which Goodyear may wish to implead, such as Mr. Thomas or any persons or entities who serviced the brakes on the tractor-trailer for Goodyear, are located in **Florida**.  Any independent eyewitnesses to the accident are located in **Florida**.  Any police officers or other persons who may have investigated the accident are located in **Florida**.

**Despite the fact that this case has no connection to the Eastern District of Pennsylvania (other than the location of counsel), Plaintiffs chose to file their lawsuit in this District.**  While Plaintiffs currently reside at 797 Elm Street, Lehighton, Pennsylvania, this address is located in Carbon County, which is encompassed by the Middle District of Pennsylvania.  (See Exhibit B).  Upon information and belief, any medical treatment received by the Plaintiff took place in Carbon County.  Thus, the forum selected by the Plaintiffs is inconvenient to both the Defendant and the Plaintiffs.

In addition, counsel for the Plaintiffs has conceded that this litigation would be governed by **Florida** law.  Also, the judges of the Middle District of Florida are less burdened than those of the Eastern District of Pennsylvania.  While both the Middle District of Florida and the Eastern District of Pennsylvania are busy courts which each manage a little over 8,000 new cases per year, the Middle District of Florida is staffed by 33 judges (with 1 unfilled judgeship) while the Eastern District of Pennsylvania is staffed by approximately 20 judges (with 2 unfilled judgeships).

II.   Argument

The same factors utilized in deciding motions to dismiss for *forum non conveniens* are considered in evaluating motions to transfer under 28 U.S.C. §

1404(a).[1]  See Rowles v. Hammermill Paper Co., 689 F. Supp. 494, 495 (E.D. Pa. 1998).  These factors include:

    (1)    the relative ease of access to sources of proof;

    (2)    availability of compulsory process for attendance of unwilling witnesses;

    (3)    cost of attendance at trial by willing witnesses;

    (4)    the possibility of view of the premises, if appropriate;

    (5)    all other practical problems that make trial of case, easy, expeditious, and inexpensive; and

    (6)    public interest factors, including the relative congestion of court dockets, and the advantage of having local issues of law and fact determined by local courts and juries.

Rowles, 689 F. Supp. at 495.  See also Jennings v. Boeing Co., 660 F. Supp. 796 (E.D. Pa. 1987) (dismissal on grounds of *forum non conveniens* was appropriate given careful balancing of factors); Ablaad v. General Motors Corp., 538 F. Supp. 537 (E.D. Pa. 1982) (granting motion to dismiss for *forum non conveniens*, where accident occurred outside of the Commonwealth, the remains of the vehicle at issue were outside of the Commonwealth, where Pennsylvania law would not apply, and where the non-forum state had a strong interest in the controversy); Cai v. DeDonatis, 683 F. Supp. 510 (E.D. Pa. 1988) (granting motion to dismiss for *forum non conveniens* where, like here, the only connection to the Eastern District of Pennsylvania was the location of counsel).

---

[1] Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In the instant litigation, Goodyear's access to sources of proof would be sustantially hindered given that the scene of the accident, the tractor-trailer which requires inspection, eyewitnesses and investigating officers are all in Florida.  **There are no sources of proof in the Eastern District of Pennsylvania.**  By contrast, Mr. Haupt's sources of proof, such as his medical records from the Middle District of Pennsylvania, can easily be mailed to Florida.  In addition, should it become necessary for Mr. Haupt's medical providers to testify, they can do so by videotape, which is routinely done anyway to accommodate doctors' hectic schedules.  Additionally, Pennsylvania abides by the rule that, in evaluating *forum non conveniens* motions, "liability witnesses may be considered of higher quality and their convenience given more weight."  Rowles, 689 F. Supp. at 496.  "The reasoning behind this rule is that damage testimony would become relevant only if plaintiffs were to succeed on liability."  Id.  "The convenience of defendant's liability witnesses, therefore, is entitled to greater weight than the convenience of plaintiff's damage witnesses."  Id.  Consequently, here, the convenience of the liability witnesses in Florida is entitled to greater weight than the convenience of those damage witnesses in Pennsylvania.

Secondly, if this litigation were to continue in the Eastern District of Pennsylvania, Goodyear would be unable to secure compulsory process for the attendance of unwilling witnesses.  In contast, Plaintiffs only witnesses would be themselves, who obviously would be willing to testify, and Mr. Haupt's physicians, who could easily testify by videotape.

Next, the overall cost of attendance at trial by willing witnesses would be lower in Florida since most witnesses are in Florida and there are no witnesses in the Eastern District of Pennsylvania. Thus, whereas only two people would need to travel if the case were litigated in the Middle District of Florida, all of the witnesses (whether in Florida of the Middle District of Pennsylvania) will need to travel long distances if the case remains in the Eastern District of Pennsylvania. In sum, this forum is inconvenient for everyone, including the Plaintiffs themselves.

In addition, given that this case involves a motor vehicle accident (as opposed to a case involving a transactional matter), a view of the accident scene in Florida may become necessary in the future--particularly if third parties are joined as defendants.

Other practical problems that would make trial of this case highly inconvenient in the Eastern District of Pennsylvania include the fact that Goodyear would be unable to implead third party defendants based in Florida. These third parties would include persons or entities involved in servicing the brakes on the tractor-trailer which Mr. Thomas claimed failed. The inability to implead third-party defendants is an important consideration favoring a *forum non conveniens* dismissal. Reyno v. Piper Aircraft Co., 630 F.3d 149, 161 (3rd Cir. 1980)

Also, public interest factors strongly favor dismissal or transfer for *forum non conveniens* because the accident occurred in Florida, the litigation will require interpretation of Florida law, and the court will need to evaluate whether violations of the Florida motor vehicle code contributed to the accident. A state has a public interest in determining whether violations of its traffic

regulations contributed to the happening of a local automobile accident.  See Rowles, 689 F. Supp. at 497.  Further, "[w]here feasible, matters of local interest should be decided by local courts most competent to administer local law." Id.

Lastly, there is no justification for burdening the judges, court staff and jurors of the Eastern District of Pennsylvania with this action when this district has no connection to the cause of action.  It should be noted that the judges of the Middle District of Florida are less burdened than those of the Eastern District of Pennsylvania.  While both courts have busy dockets in that they each manage over 8,000 new cases per year, the Middle District of Florida is staffed by 33 judges while the Eastern District of Pennsylvania is staffed by approximately 20 judges.  (See Exhibit C).  Cf. Hall v. National Service Industries, Inc., 172 F.R.D. 157, 161 (E.D. Pa. 1997) (where defendant failed to provide any evidence or statistics comparing the congestion of courts).

WHEREFORE, Defendant, The Goodyear Tire & Rubber Company, respectfully requests that this Honorable Court dismiss or, in the alternative, transfer the action of the Plaintiffs, Lamar M. Haupt and Carol M. Haupt, for *forum non conveniens* in the form of Order enclosed herewith.

                              Respectfully submitted,

By: _____
     Peter J. Deeb, Esquire
     Christine C. McGuigan, Esquire
     Atty. I.D. No. 42281/86784
     FREY, PETRAKIS, DEEB, BLUM
     BRIGGS & MITTS, P.C.
     1601 Market Street, Sixth Floor
     Philadelphia, PA  19103
     (215) 563-0500
     Attorney for Defendant, The Goodyear Tire & Rubber Company

## **CERTIFICATE OF SERVICE**

I, Christine C. McGuigan, Esquire, hereby certify that I served a true and correct copy of the foregoing Defendant's Motion for Dismissal or Transfer for *Forum Non Conveniens* and accompanying brief, by first class mail, postage prepaid on _____ 2002, as follows:

> Armin Feldman, Esquire
> P.O. Box 206
> Berwyn, PA  19312

_____
CHRISTINE C. McGUIGAN, ESQUIRE