```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LAMAR M. HAUPT and            :        CIVIL ACTION
CAROL M. HAUPT
                              :
        vs.
                              :
THE GOODYEAR TIRE & RUBBER CO.
COMPANY                       :        NO.  02-2717
```

ORDER AND MEMORANDUM

And now, this        day of August, 2002, upon consideration of the Defendant's Motion to Dismiss or Transfer for Forum Non Conveniens (Docket #6), and the plaintiff's opposition thereto, it is hereby ordered and decreed that said motion is denied.

This case arises out of a motor vehicle accident that occurred in Orlando, Florida, on July 20, 2000.  The plaintiff, Lamar Haupt, alleges that he suffered injuries as a result of the accident.  His wife has brought a claim for loss of consortium. The plaintiffs allege that after Mr. Haupt brought his tractor-trailer to a complete stop, a Goodyear truck impacted into the rear of his tractor-trailer.

The parties agree that the same factors utilized in deciding motions to transfer under 28 U.S.C. § 1404(a) are considered in evaluating motions to dismiss for forum non conveniens.  Section 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The plaintiff does not dispute that this action could have been brought in the Middle District of Florida. The party requesting the transfer has the burden of establishing that transfer is warranted. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)(citations omitted).

The Court must consider private and public interests to determine in which forum the interests of justice and convenience would be best served. Private factors may include: (1) the plaintiff's choice of venue; (2) the defendant's preference; (3) where the claim arose; (4) the relative physical and financial condition of the parties; (5) the extent to which witnesses may be unavailable for trial in one of the fora; and (6) the extent to which books and records could not be produced in one of the fora. Id. (citations omitted).

Public factors may include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. (citations omitted).

Upon consideration of these factors, the Court finds that dismissal or transfer of this case is not in the interests of justice. The plaintiff has chosen this forum and his choice of forum "should not be lightly disturbed." <u>Jumara</u>, 55 F.3d at 879. The defendant, an Ohio corporation, has expressed a preference for the Middle District of Florida. The plaintiff's claim arose in Florida where the accident occurred. These last two points weigh in favor of transfer.

The physical and financial condition of the parties strongly favors denial of the motion. The plaintiff is an individual who lives 78 miles from this courthouse. He has submitted an affidavit, stating that a transfer of this case to Florida would create problems for him, physically and financially. He states that because of the injury from the accident, he has gone from working as an over-the-road trucker to working as a security guard. He hopes that while the trial is taking place, he will be able to work on the weekend. He believes that a trip to Florida would be physically painful. The plaintiff is also obviously more limited financially than the defendant, The Goodyear Tire and Rubber Company.

The convenience and the availability of witnesses favors the plaintiffs' choice of forum. The two witnesses to the accident are the plaintiff, Lamar Haupt, and the defendant's employee, who lives in Florida. The plaintiffs have agreed to go to Florida

to depose the defendant's employee.  The defendant will be able to bring its own employee to Philadelphia for the trial.  The defendant relies on a police officer as a witness in the case; but he was not an eyewitness and is unlikely to have admissible evidence.  The only other specific witnesses who have been identified to the Court are the plaintiff's damages witnesses.  The plaintiffs will present the testimony of their doctors and health providers who work in Pennsylvania, Mr. Haupt's past and present Pennsylvania employers, and the plaintiffs' friends.

The defendant argues that if this case is not transferred to Florida, the defendant would be unable to implead third party defendants based in Florida, including entities involved in servicing the brakes on the tractor-trailer that its employee says failed.  The problem with this argument is that Goodyear has not identified such third parties nor has it said why it could not sue them in Pennsylvania or that it intends to, or wants to add them.

Nor do any public factors favor transfer to Florida.  Judgments in either district would be entitled to full faith and credit.  The defendant did not present to the Court any information about court congestion.  The defendant states only that the Middle District of Florida has 33 judges and the Eastern District has approximately 20 judges.  This says nothing about court congestion nor does it take account of the 13 Senior Judges

who handle civil cases in this district.  The fact that the Court may be called upon to apply Florida law does not outweigh all the other factors discussed above.

    For all of these reasons, the Court denies the motion.

                                      BY THE COURT:

                                      _____
                                      MARY A. MCLAUGHLIN,   J.