IN THE UNITED STATES DISTRIC COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR M. HAUPT and CAROL M. HAUPT, | : | HON. MARY A. McLAUGHLIN |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 02CV2717 |
| v. | : | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | : | |
| Defendant. | : | |

**O R D E R**

AND NOW, this       day of            , 2003, upon consideration of the Defendant's Motion in Limine to Preclude Testimony of Robert W. Mauthe, M.D. in Response to Hypothetical Questions Posed by Plaintiffs' Counsel Without Foundation, and any response thereto, it is hereby ORDERED and DECREED that Defendant's said Motion in Limine is GRANTED and the Plaintiffs are hereby precluded from introducing at the time of trial the hypothetical posed to Dr. Mauthe, and any and all questions or testimony which related thereto in any manner.

BY THIS COURT:

_____

J.

IN THE UNITED STATES DISTRIC COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR M. HAUPT and CAROL M. HAUPT, | : | HON. MARY A. McLAUGHLIN |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 02CV2717 |
| v. | : | |
| | : | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | : | |
| Defendant. | : | |

**DEFENDANT, THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ROBERT W. MAUTHE, M.D. IN RESPONSE TO HYPOTHETICAL QUESTIONS POSED BY PLAINTIFFS' COUNSEL WITHOUT FOUNDATION**

Defendant, The Goodyear Tire & Rubber Co., by and through its undersigned counsel, hereby moves this Honorable Court for an Order precluding Plaintiffs, Lamar M. Haupt and Carol M. Haupt, and their counsel from introducing at the time of trial a lengthy hypothetical posed to Plaintiffs' expert, Robert W. Mauthe, M.D., which was not based upon facts in evidence. In addition, Defendant seeks preclusion of any and all questions and testimony which related to said hypothetical.

In support of the within Motion, Defendant submits a Memorandum of Law, attached hereto for the Court's consideration.

FREY, PETRAKIS, DEEB, BLUM,
BRIGGS & MITTS, P.C.

By: /s/
_____
PETER J. DEEB, ESQUIRE
Attorney for Defendant,
The Goodyear Tire & Rubber Co.

DATED: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR M. HAUPT and<br>CAROL M. HAUPT,<br>        Plaintiffs,<br><br>        v.<br><br>THE GOODYEAR TIRE & RUBBER<br>COMPANY,<br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | HON. MARY A. McLAUGHLIN<br><br>CIVIL ACTION NO. 02CV2717 |

**DEFENDANT, THE GOODYEAR TIRE & RUBBER COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ROBERT W. MAUTHE, M.D. IN RESPONSE TO HYPOTHETICAL QUESTIONS POSED BY PLAINTIFFS' COUNSEL WITHOUT FOUNDATION**

I.    FACTS

In this diversity action, Plaintiffs, Lamar M. Haupt and Carol M. Haupt ("Plaintiffs"), claim to have sustained personal injuries as a result of a motor vehicle accident involving a vehicle owned by The Goodyear Tire & Rubber Co. ("Goodyear"). The videotape trial deposition of Plaintiff's expert witness, Robert W. Mauthe, M.D. took place on March 11, 2003. During said deposition, counsel for the Plaintiffs posed to Dr. Mauthe an eight (8) page "summary of what [Plaintiffs' counsel] expects Mr. Haupt to testify to at trial." (A true and correct copy of the relevant portions of Dr. Mauthe's deposition transcript, pages 47-87, are attached hereto and marked as Exhibit A; see Exhibit A, at pages 47-55).

Based upon these assumptions as to what Mr. Haupt's testimony could possibly be at trial, Plaintiffs' counsel asked Dr. Mauthe to opine, to a reasonable degree of medical certainty, as to causation. (See Exhibit A, pages 55-86). Predictably, Dr. Mauthe then opined that, given the hypotheticals posed to him, there was a causal link between Mr. Haupt's alleged condition,

damages and limitations. (See Exhibit A, pages 55-86). Next, Plaintiffs' counsel asked Dr. Mauthe to completely disregard the lengthy hypothetical and provide whether his numerous answers as to causation would remain the same absent the suspected rendition of facts provided to him by Plaintiff's counsel--to which Dr. Mauthe responded in the affirmative. (See Exhibit A, page 87).

Counsel for Goodyear properly objected to the hypotheticals and questions posed by Plaintiffs' counsel on the grounds that providing Dr. Mauthe with assumed facts based upon the proposed testimony of Mr. Haupt, and not upon evidence of record, was inappropriate. Defense counsel further objected on the basis that Plaintiffs' counsel intertwined the hypotheticals into the questions of causation. Thus, it would be impossible for Dr. Mauthe to give a blanket opinion that his conclusions would be unchanged absent the hypotheticals.

Goodyear now respectfully requests that this Honorable Court preclude the hypotheticals posed by Plaintiffs' counsel as well as the testimony of Dr. Mauthe which related thereto. (See Exhibit A, pages 47-87).

II.  ARGUMENT

Generally,[1] the Federal Rules of Evidence apply to all cases heard in federal court, even in diversity cases like the one at bar. Doe v. Special Investigations Agency, Inc., 779 F. Supp. 21, 23 (E.D. Pa. 1991).

Rule 702 of the Federal Rules of Civil Procedure provides that testimony of experts is proper only if:

(1)   the testimony is based upon sufficient **facts or data**;

---

[1] By their express terms, the Federal Rules of Evidence yield to state law in three specific areas: the effect of presumptions (Rule 302); privileges (Rule 501); and the competency of lay witnesses (Rule 601). D'Orio v. West Jersey Health Systems, 797 F. Supp. 371, 376 (D.N.J. 1992).

>   (2)   the testimony is the product of reliable principles and methods; and
>
>   (3)   the witness has applied the principles and methods reliably to the **facts** of the case.

Fed.R.Civ.P. 702 (emphasis added).

The language "facts or data", as contained within Rule 702, is broad enough to allow an expert to rely on hypothetical facts so long as they are supported by evidence in record. See Fed.R.Civ.P. 702, Advisory Committee Notes, 2000 Amendments. See also Tyger Const. Co., Inc. v. Pensacola Const. Co., 29 F.3d 137 (4th Cir. 1994), cert. denied, 513 U.S. 1080 (holding that an expert's testimony should be excluded when assumptions made by expert are not based in fact); U.S. v. Altenburger, 549 F.2d 702, 704 n. 2 (9th Cir. 1977), cert. denied, 431 U.S. 923 (finding that trial court properly excluded hypothetical questions of expert witness which were not based on facts in evidence); Logsdon v. Baker, 517 F.2d 174, 176 (D.C. Cir. 1975) (explaining that an expert can give his opinion on the basis of hypothetical facts, but such facts must be established by independent evidence properly introduced); U.S. v. Scarbrough, 470 F.2d 166, 168 (9th Cir. 1972) (holding that district court did not abuse its discretion by precluding testimony given in response to hypothetical question where assumed facts were not in evidence); Collier v. Varco-Pruden Buildings, 911 F. Supp. 189, 191 (D.S.C. 1995) (holding that an expert's opinion should be excluded when they are based upon assumptions that are speculative because they are not supported by the record); U.S. v. Certain Land Located at 400 Lee St., Montgomery, Ala., 214 F. Supp. 148, 151 (M.D. Ala. 1963) (holding that expert opinions based on unproven assumptions are "worthless").

Instantly, Dr. Mauthe's opinions as to causation are worthless, and therefore must be precluded at trial, because they are tainted by hypotheticals posed to him by Plaintiffs' counsel without factual basis. The law is clear that hypothetical questions may be used in examining an expert witness, but care must be exercised to assure the that facts stated in such questions are supported by competent evidence in the record, so as to prevent the witness from "invading or usurping the province of the jury" by giving opinions on the ultimate issues to be decided. Carroll v. Magnolia Petroleum Co., 223 F.2d 657, 664 (5th Cir. 1955). Here, it was conceded by Plaintiffs' counsel that his hypothetical was based not upon competent evidence in the record, but rather upon what Plaintiffs' counsel speculates Mr. Haupt will later testify to at trial. (See Exhibit A, page 47-48, stating: "The hypothetical [is] a summary of what I expect Mr. Haupt to testify to at trial"..."I'm going to try to anticipate what-- what his testimony will be..."). Therefore, because the hypotheticals and assumptions upon which Dr. Mauthe's testimony was based were not supported by facts in record, his testimony related thereto must be precluded at trial.

The District Court's "foremost objective" must be to rule out such subjective belief or unsupported speculation. See Rogers v. Ford Motor Co., 952 F. Supp. 606 (N.D. Ind. 1997). Moreover, because of its aura of special reliability and truthfulness, expert testimony is particularly likely to create a substantial danger of undue prejudice or, of confusing issues or misleading the jury, if the court fails to exercise vigilence in this regard. U.S. v. Amaral, 488 F.2d 1148, 1152 (9th Cir. 1973). See also Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1331 (5th Cir. 1996) (excluding expert testimony where

unsupported by facts in record).  The Fifth Circuit has specifically held the following:

> [T]he district judge serves as a gatekeeper for expert evidence, it is an important role designed to extract evidence tainted by farce or fiction.  **Expert evidence based upon a fictitious set of facts is just as unreliable as evidence based upon no research at all.**  Both analyses result in pure speculation.

Guillory, 93 F.3d at 1320 (emphasis added).

Finally, when it is deemed necessary that a hypothetical question be used, our courts have held that in order to avoid confusing the jury "only the basic facts need to be assumed in the hypothesis" rather than a "long detailed hypothesis" such as the one provided to Dr. Mauthe by Plaintiffs' counsel.  Twin City Plaza, Inc. v. Central Sur. & Ins. Corp., 409 F.2d 1195, 1200 (8th Cir. 1969) ("The rules are obviously designed to remove stereotyped, long, belabored and nonsensical hypothetical questions from the arena of trial").

III.   CONCLUSION

In light of the foregoing, Defendant, The Goodyear Tire & Rubber Co., respectfully requests that this Honorable Court preclude the hypotheticals posed by Plaintiffs' counsel as well as the testimony of Dr. Mauthe which relates thereto.

                              FREY, PETRAKIS, DEEB, BLUM,
                              BRIGGS & MITTS, P.C.

                              /s/
                By: _____
                              PETER J. DEEB, ESQUIRE
                              Attorney for Defendant,
                              The Goodyear Tire & Rubber Co.

DATED: _____

**CERTIFICATE OF SERVICE**

I, Peter J. Deeb, Esquire, hereby certify that I served a true and correct copy of the foregoing *Motion in Limine to Preclude Testimony of Robert W. Mauthe, M.D. in Response to Hypothetical Questions Posed by Plaintiffs' Counsel Without Foundation and supporting papers*, by first class mail, postage prepaid on May 20, 2003, as follows:

> Armin Feldman, Esquire
> Robert A. Sloan, Esquire
> SLOAN & FELDMAN
> 1528 Walnut Street, Suite 1500
> Philadelphia, PA 19102

/s/
_____
Peter J. Deeb, Esquire
Attorney for Defendant,
The Goodyear Tire & Rubber Co.