## IN THE UNITED STATES DISTRIC COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR M. HAUPT and | : | HON. MARY A. McLAUGHLIN |
| CAROL M. HAUPT, | : | |
|         Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 02-CV-2717 |
| v. | : | |
| | : | |
| THE GOODYEAR TIRE & RUBBER | : | |
| COMPANY, | : | |
|         Defendant. | | |

### DEFENDANT GOODYEAR TIRE & RUBBER COMPANY'S
### AMENDED PRE-TRIAL STATEMENT

Defendant, Goodyear Tire & Rubber Company, (hereinafter "Defendant" or "Goodyear") by and through its attorneys, Frey, Petrakis, Deeb, Blum, Briggs & Mitts, P.C. submits the following as its Pre-trial Memorandum:

**I.   BRIEF STATEMENT OF NATURE OF ACTION AND BASIS OF JURISDICTION**

This is a personal injury action that arises from a motor vehicle accident that occurred on July 20, 2000. Plaintiffs are residents of Pennsylvania and Goodyear is an Ohio Corporation. Jurisdiction is based upon Diversity of Citizenship, Title 28 U.S.C. 1332 (a)(1) (civil actions where the matter in controversy exceeds the sum value of $75,000.00 and is between citizens of different states).

**II.  BRIEF STATEMENT OF THE FACTS OF THIS CASE**

On July 20, 2000 while stopped at a red light, the tractor-trailer driven by Plaintiff was struck in the rear by a commercial vehicle operated by an employee of Goodyear. Goodyear has admitted liability. As a result of the accident, Plaintiff, Lamar Haupt alleges that the accident aggravated a pre-

existing back condition, spondylolisthesis.  Due to this injury, Mr. Haupt claims he is no longer able to work as an over-the-road truck driver.

After the accident, Plaintiff did not seek medical attention for over two days.  Plaintiff drove over 1,000 miles and approximately 20 hours of driving time before seeking any medical attention.   He first sought medical attention on July 22, 2000.  On July 22, 2000, Plaintiff went to the emergency room at Gnaden Heutten Memorial Hospital.  He was treated and released with the instruction that he could return to his pre-injury job without restrictions.

A review of Plaintiff's medical records shows a history of complaints of back pain.  Plaintiff was involved in two motor vehicle accidents in which he suffered injuries to his back and neck prior to the July 20, 2000.  Prior to the accident, Plaintiff made complaints regarding back pain and left leg discomfort that are similar to his current complaints.  In addition, prior to the accident, Plaintiff was diagnosed with obesity, high blood pressure, high cholesterol and heart disease.  Plaintiff has a history of three heart attacks.  Furthermore, in January of 1998, Plaintiff was diagnosed with degenerative disc disease in the low back and neck at multiple levels, disc protrusion, bulging discs and spondylolisthesis.

On December 10, 2002, Dr. Edward Resnick performed an independent medical evaluation (IME) of Plaintiff.  A true and correct copy of Dr. Resnick's IME Report is attached to Goodyear's initial Pre-Trial Statement as Exhibit "A." In his report, Dr. Resnick noted that Plaintiff has had many episodes of low back pain that are related to Plaintiff's longstanding condition of spondylolithesis of L5-S1.  Dr. Resnick opined that the accident probably caused a soft tissue injury that can be explained as a low back strain that did

not aggravate or worsen Plaintiff's longstanding spondylolisthesis. Additionally, there is no objective evidence to corroborate Plaintiff Lamar Haupt's complaints of low back pain and left leg discomfort.

### III. LIST OF TRIAL WITNESSES

1. Liability

   None. Goodyear has admitted liability.

2. Damages:

   A. Dr. Edward Resnick, M.D.

   B. Plaintiff, Lamar Haupt

   C. Plaintiff Carol Haupt

   D. Floriel P. Diaz, M.D. P.C. The Atrium Building, 127 S. Fifth Street, Suite 210, Quakertown, PA 18951-1781.

   E. Salvatore Palumbo, M.D. Allen Neurosurgical Association, Inc., 325 N. 5th Street, Allentown, PA 18102.

   F. Dwayne Schleicher and Diane Graver, employees at East Penn Trucking; 517 W. Lizard Creek Road, Lehighton, Pennsylvania.

   G. Rosemaire Attewell, M.D. Gnaden Huetten Memorial Hospital; 211 North 12th Street, Lehighton, Pennsylvania 18235.

   H. Yasin N. Khan, M.D. Comprehensive Pain Center, Lehigh Valley Pain Management, Inc.; 4825 W. Tilghman Street, Allentown, Pennsylvania 18104.

   I. Robert W. Mauthe, M.D., P.C.; The Atrium Building, 127 S. Fifth Street, Suite 210, Quakertown, PA 18951-1781.

   J. Kwan H. Bhe, M.D., Gnaden Huetten Memorial Hospital; 211 North 12th Street, Lehighton, Pennsylvania 18235.

   K. Steven R. Haines; 1235 Massaro Boulevard, Tampa, Florida.

   L. Arnold Byrd, Jr. 14202 Grubbs Lane, Riverview, Florida.

   M. All individuals identified as trial witnesses in Plaintiff's Pre-trial Memorandum.

  N. Defendant reserves the right to call additional witnesses, as warranted, in rebuttal.

**IV.** **LIST OF TRIAL EXHIBITS**

 A. Plaintiff, Lamar Haupt's deposition transcript

 B. Plaintiff, Carol Haupt's deposition transcript

 C. Trial deposition transcript of Dr. Robert Mauthe, Plaintiff's medical expert

 D. Dr. Robert W. Mauthe's curriculum vitae

 E. Medical reports by Dr. Robert W. Mauthe

 F. Gnaden Huetten Memorial Hospital emergency room records

 G. Medical entry dated May 19, 2000, from Plaintiff's family doctor, Dr. Floriel Diaz

 H. MRI report dated January 5, 1998

 I. Medical records from Plaintiff's family doctor, Dr. Floriel Diaz, bates stamped no. GY0001 – GY0074

 J. Gnaden Huetten medical records provided by Plaintiff

 K. Gnaden Huetten medical records received via subpoena

 L. Medical records from Allen Neurosurgical Association, Inc., bates stamped no. GY0165 – GY0173

 M. Plaintiff's employment records from East Penn Trucking Company bates stamped no. GY0174 - GY0332

 N. Expert report by Verzilli & Verzilli and Consultants, Inc.

 O. Andrew C. Verzilli M.B.a, curriculum vitae

 P. Expert report by Irene C. Mendelsohn, M.S.

 Q. Irene C. Mendelsohn, M.S., curriculum vitae

 R. Independent medical evaluation report and supplemental report from Edward J. Resnick, M.D.

 S. Edward J. Resnick, M.D., curriculum vitae

 T. Medical records from Comprehensive Pain Centers

U. Florida Traffic Crash Report

V. Photographs of the tractor-trailer operated by Plaintiff

W. Plaintiff Lamar Haupt's Resume

X. All medical records of Plaintiff Lamar Haupt provided to Goodyear by Plaintiff in his Response to Goodyear's Request for Production of Documents

Y. Plaintiff Lamar Haupt's daily driver logs provided to Goodyear by Plaintiff

Z. Video-tape of April 21, 2003 trial deposition of Edward Resnick, M.D.

AA. East Penn Trucking Company Accident Report

BB. Plaintiff's Lamar Haupt's Personnel Records from East Penn Trucking

CC. Tax records of Mr. Haupt

DD. Records received by Monroe County Correctional Facility; 1 Quaker Plaza, Stroudsburg, Pennsylvania 18360

EE. November 12, 2002 report of Irene C. Mendelsohn, M.S., CRC

FF. December 12, 2002, report of Andrew G. Verzilli, Ph.D. and Andrew C. Verzilli, M.B.A.

GG. Plaintiff's Answers to Defendant Goodyear Tire & Rubber Co.'s Interrogatories

HH. Discovery deposition transcript of Dr. Robert Mauthie

II. All documents provided to Goodyear by Plaintiff in his Response to Goodyear's Request for Production of Documents

JJ. Exhibits identified in Plaintiff's Pre-trial Memorandum

## V. ESTIMATE OF NUMBER OF DAYS REQUIRED FOR TRIAL

Goodyear estimates that its case will take approximately one day.

Goodyear estimates that two-three full days will be needed for trial.

**VI.** **<u>SPECIAL COMMENTS</u>**

Goodyear has admitted liability in this matter. Thus, the only outstanding issues pertain to damages. The issues regarding whether Risk Enterprise Management (REM) has a valid workers' compensation lien against Plaintiff, is between Plaintiff and REM, and not relevant for purposes of this trial.

Goodyear has provided Plaintiff with all the documents it received that were subject to the issuance of subpoenas.

Goodyear has filed a Motion in Limine with regard to the propriety of a hypothetical posed to Plaintiff's expert, Dr. Mauthe, which goes to the foundation of the opinions he renders. Plaintiff has filed two Motions in Limine with respect to prospective questions bearing on the credibility of Plaintiff. Goodyear has filed responses to Plaintiff's Motions in Limine.

Goodyear has withdrawn all objections to Plaintiff's counsel's questioning of Goodyear's expert, Dr. Resnick, and Plaintiff's expert, Dr. Mauthe, excepting its outstanding Motion in Limine. Plaintiff's counsel maintains his objection to Dr. Resnick's testimony regarding spondilosis as being the medical condition giving rise to spondylolisthesis, the condition from which both experts agree Plaintiff suffers. Counsel maintains that Dr. Resnick's testimony is beyond the scope of his expert report. To the contrary, Dr. Resnick's testimony in no way changes his expert report, and merely *explains* his diagnosis of

spondylolisthesis.  Counsel for Goodyear requests the right to supplement its position on Plaintiff's objection to Dr. Resnick's testimony at the pre-trial conference on this matter.

                        Respectfully submitted,

                        FREY, PETRAKIS, DEEB, BLUM
                        BRIGGS & MITTS, P.C.

                            /s/
BY: _____
     PETER J. DEEB, ESQUIRE
     I.D. # 42281
     1601 Market Street, 6th Floor
     Philadelphia, PA 19103
     (215) 563-0500

     Attorney for Defendant
     The Goodyear Tire & Rubber Company