**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMAR M. HAUPT and | : | HON. MARY A. McLAUGHLIN |
| CAROL M. HAUPT, | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 02CV2717 |
| v. | : | |
| | : | |
| THE GOODYEAR TIRE & RUBBER | : | |
| COMPANY, | : | |
| Defendant. | : | |

**DEFENDANT, THE GOODYEAR TIRE & RUBBER COMPANY'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE**

Defendant, The Goodyear Tire & Rubber Co. ("Goodyear"), by and through its undersigned counsel, hereby opposes the Motion in Limine filed by the Plaintiffs, Lamar M. Haupt ("Mr. Haupt") and Carol M. Haupt ("Mrs. Haupt") (collectively referred to as "Plaintiffs"), responding as follows:

1.      Admitted.

2.      Denied as stated.  The "inaccuracies" referred to are not innocent mistakes but are actually deliberate misstatements of fact made by Mr. Haupt regarding his back condition during military service and his subsequent employment history as a truck driver.

3.      Denied as stated.  Goodyear will seek to introduce evidence demonstrating that Mr. Haupt lied about his military service on his resume, by failing to disclose that he was actually discharged from the military due to a congenital back condition (i.e., spondylolisthesis).  It is further admitted that Goodyear will seek to introduce evidence showing that Mr. Haupt lied about his employment history by falsifying driver's logs while working as a truck driver.

4.     Denied as a conclusion of law to which no response is required. To the extent that any such response is required, it is specifically denied that the "inaccuracies" contained within Mr. Haupt's resume and driver's logs are not relevant.

To the contrary, Mr. Haupt's misrepresentations as to his ability to serve a full tour of duty in the military despite his spondylolisthesis are highly relevant here.   The core of the damages component of this litigation involves whether Mr. Haupt's current complaints of pain and disability are due to a new back injury or are merely a continuation of his pre-existing spondylolisthesis. Thus, the fact that Mr. Haupt's pre-existing congenital back condition was so grave that Mr. Haupt was actually previously discharged from the military as a result has substantial probative value.

Similarly, Mr. Haupt's falsified driver's logs are relevant to this action. Apparently, the driver's logs were altered by Mr. Haupt in order to reflect that Mr. Haupt worked less hours than he actually did work.  In this litigation, Mr. Haupt contends that he is no longer able to work as a truck driver.  He also submits that he has suffered lost wages and a lost earning capacity.   The altered driver's logs at issue go directly to Mr. Haupt's employment history and are probative as to calculating the actual amount of hours Mr. Haupt was capable of working before allegedly sustaining a new back injury.   Therefore, they must be considered by the fact-finder.

Finally, both the resume and driver's logs are probative of Mr. Haupt's character for veracity as it directly relates to his back problem and his employability.

5.     Denied as a conclusion of law to which no response is required. To the extent that any such response is required, it is specifically denied that any probative value would be outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. Rather, Mr. Haupt's back condition during his lifetime (including his time in the military), his prior employment history as a truck driver, and his credibility on those two topics are central issues to be considered by the jury.

6.     Denied as a conclusion of law to which no response is required. To the extent that such a response is required, Goodyear will have no ability to impeach Mr. Haupt's credibility on these issues absent reference to Mr. Haupt's misstatements in his resume and driver's logs.

WHEREFORE, Defendant, Goodyear Tire & Rubber Co., respectfully requests that this Honorable Court deny the Motion in Limine filed by Plaintiffs, Lamar M. Haupt and Carol M. Haupt.


                            FREY, PETRAKIS, DEEB, BLUM,
                            BRIGGS & MITTS, P.C.


                                    /s/
                  By:     _____
                            PETER J. DEEB, ESQUIRE
                            Attorney for Defendant,
                            The Goodyear Tire & Rubber Co.

DATED: May 30, 2003