IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR M. HAUPT and<br>CAROL M. HAUPT,<br>    Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER<br>COMPANY,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | HON. MARY A. McLAUGHLIN<br><br>CIVIL ACTION NO. 02CV2717 |

**DEFENDANT, THE GOODYEAR TIRE & RUBBER COMPANY'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE**

Defendant, The Goodyear Tire & Rubber Co. ("Goodyear"), by and through its undersigned counsel, files the within Memorandum of Law in opposition to the Motion in Limine filed by the Plaintiffs, Lamar M. Haupt ("Mr. Haupt") and Carol M. Haupt ("Mrs. Haupt") (collectively referred to as "Plaintiffs").

I.    FACTS

Mr. Haupt, a former truck driver, contends that he suffered, *inter alia*, a back injury, lost wages and a lost earning capacity as a result of the motor vehicle accident underlying this litigation. Plaintiffs' attorney seeks to bar from evidence the fact that Mr. Haupt lied on his resume by failing to reveal that he had previously been prematurely discharged from the military due to a congenital back problem known as spondylolythesis. In addition, Plaintiff's counsel seeks to bar from evidence Mr. Haupt's driver's logs which were falsified by Mr. Haupt so that it appears as though Mr. Haupt worked less hours than he actually did work as a truck driver. Goodyear herein opposes Plaintiffs' efforts to bar this evidence on the grounds that both the resume and driver's

logs are highly probative as to Mr. Haupt's pre-existing back condition, his prior employment history, and Mr. Haupt's veracity concerning these two issues.

II.   QUESTIONS PRESENTED

> Whether the probative value of Mr. Haupt's resume, which inaccurately fails to mention that he was prematurely discharged from the Army due to a pre-existing back condition, outweighs any danger of unfair prejudice.

*Suggested answer:* yes.

> Whether the probative value of Mr. Haupt's driver's logs, which were altered by Mr. Haupt so that they indicate that he worked less hours than those actually worked, outweighs any danger of unfair prejudice.

*Suggested answer:* yes.

III.   ARGUMENT

The evidence which the Plaintiffs seek to preclude at trial constitutes admissions by a party opponent which are probative of Mr. Haupt's veracity on issues at the core of this case.  Rule 608 of the Federal Rules of Evidence, governing the admissibility of character evidence, provides that the credibility of a witness may be attacked by evidence demonstrating a witness' character for untruthfulness.  See FED. R. EVID. 608, 801(d)(2).  Moreover, because Mr. Haupt concedes that he himself authored the documents which contain "inaccuracies" or untruths, the introduction of extrinsic evidence to show his untruthfulness is proper.  See Carter v. Hewitt, 617 F.2d 961, 970-72 (3d Cir. 1980) (there is no need in such a case to ban extrinsic evidence, particularly where credibility is a critical issue).

Nonetheless, relying upon FED. R. EVID. 403, Plaintiffs argue that the evidence of Mr. Haupt's misstatements is not probative, concerns merely collateral matters, and is overly prejudicial.  Goodyear respectfully disagrees.

First, the evidence sought to be barred by the Plaintiffs is extremely probative on central, rather than collateral, issues. It is well established that "the standard of relevance established by the Federal Rules of Evidence is not high." Carter, 617 F.2d at 966. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." Id. Here, the evidence as to Mr. Haupt's misrepresentation of his military history on his resume is highly relevant because it relates directly to the severity of Mr. Haupt's pre-existing congenital back condition and his truthfulness regard same, both of which are critical issues in this litigation. Similarly, the driver's logs, in which Mr. Haupt supposedly under-reported his working hours are probative on the relevant issues of Mr. Haupt's employment history and his lack of candor regarding same.

Next, the probative value of this evidence clearly outweighs any danger of unfair prejudice. Rule 403 of the Federal Rules of Evidence "does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case." Id. at 972. The rule protects only against evidence that is "unfairly" prejudicial. Id. Evidence is considered to be unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. (citing FED. R. EVID. 403, Advisory Committee Note).

The evidence sought to be barred is prejudicial only in the sense that, because it will show untruthfulness on Mr. Haupt's part as to relevant issues of his back condition and employment, it may be detrimental to the Plaintiffs' case. However, this evidence is not "unfairly" prejudicial, such that it must be

barred under FED. R. EVID. 403. Unfortunately, it is not uncommon for individuals to embellish their resumes. Also, the fact that Mr. Haupt was prematurely discharged from the military is unlikely to inflame the passion of jurors. Mr. Haupt was not dishonorably discharged from the military. Rather, he was honorably discharged for valid medical reasons beyond his control.

Similarly, no unfair prejudice would result from the introduction of Mr. Haupt's driving records. In fact, it is anticipated that Mr. Haupt will explain that it is typical for truck drivers to adjust their driving hours downward so that they can drive longer distances without taking breaks. Given this explanation, it is possible that members of the jury may interpret this evidence as a positive sign (i.e., a good work ethic) on Mr. Haupt's part. Surely, the danger of unfair prejudice would be greater had Mr. Haupt inflated his hours in order to receive compensation which he was not due. That is not the situation here.

IV.   CONCLUSION

In light of the fact that the probative value of the evidence sought to be barred outweighs any danger of unfair prejudice, Defendant, Goodyear Tire & Rubber Co., respectfully requests that this Honorable Court deny the Motion in Limine filed by Plaintiffs, Lamar M. Haupt and Carol M. Haupt.

                                FREY, PETRAKIS, DEEB, BLUM,
                                BRIGGS & MITTS, P.C.

                                        /s/
                         By:   _____
                                PETER J. DEEB, ESQUIRE
                                Attorney for Defendant,
                                The Goodyear Tire & Rubber Co.

DATED: May 30, 2003