**IN THE UNITED STATES DISTRIC COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMAR M. HAUPT and | : | HON. MARY A. McLAUGHLIN |
| CAROL M. HAUPT, | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 02CV2717 |
| v. | : | |
| | : | |
| THE GOODYEAR TIRE & RUBBER | : | |
| COMPANY, | : | |
| Defendant. | : | |

**DEFENDANT, THE GOODYEAR TIRE & RUBBER COMPANY'S**
**PROPOSED JURY INSTRUCTIONS**

Defendant hereby requests that the following instructions be included in the Court's charge to the jury at the end of the trial of this action. Defendant respectfully reserves the right to submit supplemental instructions at the close of the evidence.

**<u>Jury Instruction No. 1- Juror's Duties</u>**

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

You second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the Plaintiff has proven their damages.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

**<u>Jury Instruction No. 2 – Evidence Defined</u>**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I may have ordered you to disregard things that you saw or heard or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**<u>Jury Instruction No. 3 - Consideration of Evidence</u>**

You are to determine the facts of this case from the evidence alone. The "evidence" in the case always consists of the sworn testimony of all the witnesses, whether the witness appeared in person or by deposition regardless of who may have called the witness; and all exhibits received in evidence, regardless of who may have produced them.   Accordingly, during your deliberations you should carefully consider the testimony of each and every witness and all exhibits.

**<u>Jury Instruction No. 4 - Direct and Circumstantial Evidence</u>**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence".

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**<u>Jury Instruction No. 5 -  Credibility of Witnesses</u>**

In saying that you must consider all of the evidence that does not mean you must accept all the evidence as true and accurate.  You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  The "credibility of a witness" means the truthfulness or lack of truthfulness of the witness.  You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by the evidence contrary of the testimony given. The "weight of the evidence" means the extent to which you are, or are not, convinced by the evidence.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an event may see or hear it differently; and innocent misrecollection, like failure of recognition is not an uncommon experience.  In weighing the effect of a discrepancy, always

consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of one witness as to any fact is more credible than the testimony of two or more witnesses to the contrary.

In determining the credit and weight you will give to the testimony of any witness who ahs testified before you, you may consider if found by you from the evidence:

(1)  his or her good memory, or lack of memory;

(2)  the witness' interest, or lack of interest in the outcome of the trial;

(3)  the witness' relationship to any of the parties, or other witnesses;

(4)  his or her demeanor and manner of testifying;

(5)  his or her opportunity and mean, or lack of opportunity and means to know the things about which he or she testified;

(6)  the reasonableness , or unreasonableness of his or her testimony;

(7)  his or her apparent fairness, or lack of fairness;

(8)  the bias, prejudice, hostility, friendliness or unfriendliness of the witness for or against any of the parties;

(9)  contradictory statements of any witness, if you believe the witness made any statements contradictory of his or her testimony.

Understand, however, that you may not use statements you determine to be contradictory to establish the truth of such statements, unless the statements are made under oath in the courtroom.

(10)  Witness' acts that you believe contradict his/her testimony;

From this considerations, and all other conditions and circumstances appearing from the evidence, you may give to the testimony of the witness such credit and weight as you believe it is entitled to receive.

If you believe that any witness in this case has knowingly testified falsely as to any material fact, after considering and weighing the testimony of the witness, you may disregard the whole of the testimony of the witness, or give it whatever weight and credit you believe the testimony is entitled to receive.

**<u>Jury Instruction No. 6 – Expert Witnesses – Opinions</u>**

Ordinarily, witnesses are not permitted to testify as to opinions or conclusions. However, the rules of evidence provide that if scientific, technical, medical or other specialized knowledge might assist the Jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters, and may state the reasons for the opinion. You should consider each expert opinion received in evidence in this case, and the reasons given in support of the opinion, and give it whatever weight you think it deserves.  In determining the weight to be given to the opinion of an expert, you should consider the education, training, and experience of the expert, the basis for the opinion, the confidence of the witness, the reasons and reasoning stated by the witness, the opinions of other similar witnesses on the same matters, and the rules generally applicable to other witnesses in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or merely speculative, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely, or give it such weight as you find it deserves.

**<u>Jury Instruction No. 7 - Sympathy</u>**

In performing your duties as jurors you must not permit yourself to be influenced or swayed by sympathy, bias, prejudice or favor as to any party. All parties expect that you will carefully and impartially consider all of the evidence, accept and follow the law as contained in these instructions, and reach a just verdict, regardless of the consequences.

**<u>Jury Instruction No. 8 -  Number of Witnesses</u>**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**<u>Jury Instruction No. 9 – Impeachment</u>**

A witness may be discredited or "impeached" by contradictory evidence, by showing that he or she testified falsely concerning a material matter or by evidence that at some other time a witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

**<u>Jury Instruction No. 10 – Video Testimony</u>**

The sworn testimony of witnesses, Doctor Robert W. Mauthe and Doctor Edward J. Resnick, was taken by videotape deposition prior to this trial, have been presented to you. The testimony of a witness, who for some proper reason cannot be present to testify in person, may be presented in this form. Such testimony is given under oath and in the presence of attorneys for the parties, who question the witness. A court reporter takes down everything that is said and then transcribes the testimony. This form of testimony is entitled to neither more nor less consideration by the jury because of the manner of its submission.

**<u>Jury Instruction No. 11 – Issues to be decided</u>**

The plaintiffs claim that they were injured and sustained damage as a result of the negligent conduct of the defendants. The parties have stipulated that defendants' negligent conduct caused the motor vehicle accident in which plaintiffs were involved.

Based upon the evidence presented at this trial, the only issues for you to decide in accordance with the law as I shall give it to you are:

Was the defendant's conduct was a legal cause of loss, injury or damages sustained by the plaintiff?

If your answer to this question is in the affirmative, you must then decide what, if any, loss, injury or damages the plaintiff has suffered?

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

<u>See</u> Florida Standard Jury Instructions in Civil Cases, 3.5, 5.1 (2/98).

**<u>Jury Instruction No. 12 – Burdens of Proof</u>**

This is a civil case.  The Plaintiffs have the burden of proving their  claim of damages by what is called a preponderance of the evidence.  To establish something by a preponderance of the evidence means to prove that something is more likely true than not.  To find that a party has proven something by a preponderance of the evidence, you must conclude that the evidence, when considered and compared with the evidence opposed to it has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  It is not necessary for any party to prove any assertion beyond a reasonable doubt.

The preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any fact in issue has been proven by the party bearing the burden of proof, you may consider the testimony of all witnesses, regardless of who may have produced them.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt".  That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the Plaintiff or the Defendant have met their burdens of proof on various issues.

**<u>Jury Instruction No. 13– Damages</u>**

When I have finished giving you these instructions, you will be given a verdict form that will assist you in answering the questions I have just discussed relating to the Plaintiffs' claims.  You will then have to consider the question of damages.

If you find that Defendant's conduct was a legal cause of loss, injury or damages to Plaintiffs, you may award them an amount of money that the greater weight of the evidence shows will fairly and adequately compensate them for such loss, injury or damage, including such damage as plaintiffs are reasonably certain to incur or experience in the future.  You shall consider the following elements:

You shall determine the issue of permanency, that is, whether plaintiff sustained an injury or disease as a result of the incident as a result of the incident complained of which consists in whole or part of:

(1)    significant and permanent loss of an important bodily function;

(2)    significant and permanent scarring or disfigurement; or

(3)    a permanent injury within a reasonable degree of medical probability, other than scarring and disfigurement.

If the greater weight of the evidence does not support the claim of plaintiff on the issue of permanency, you should award to plaintiff an amount of money which the greater weight of the evidence shows will fairly and adequately compensate him for economic damages only, which were caused by the incident in question.  In other words, the plaintiff may not recover for pain, suffering mental anguish, and inconvenience for such injury.

However, if the greater weight of the evidence does support the claim of plaintiff on the issue of permanency, then you should consider the following elements:

a.    Injury, pain, disability, disfigurement, loss of capacity and enjoyment for life: Any bodily injury sustained by the plaintiff and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future.  There is no exact standard for measuring such damage.  The amount should be fair and just in the light of the evidence.

b.    Aggravation or activation of disease or defect: Any aggravation of an existing disease or physical defect, or activation of any such latent condition, resulting from such injury.  If you find that there was such an aggravation, you should determine, if you can, what portion of plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation.  However, if you cannot make the determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.  Here, Lamar Haupt claims that his pre-existing back condition of spondylolisthesis was aggravated.  If you find that there was such an aggravation, you should determine, if you can, what portion of Lamar Haupt's condition resulted from the aggravation and make allowance in your verdict only for the

aggravation. The Defendant is not liable for any damage or loss that is found to be due exclusively to the continuation or increase of any pre-existing condition that is not aggravated by the injury for which the defendant is liable.

c.    Medical expenses: The reasonable value or expense of medical care and treatment necessarily or reasonably obtained by plaintiff in the past or to be so obtained in the future.

d.    Lost earnings, lost time, lost earning capacity: Any earnings or working time lost in the past and any loss of ability to earn money in the future. In making this determination, you must determine how long Mr. Haupt would have continued to work for East Penn Trucking if he had not been injured at the age of forty-seven (47). Once you have determined how many years the Plaintiff would have stayed with East Penn Trucking from the date of this trial forward, you can then determine lost pay and benefits by determining the differences between the amount of pay and benefits Lamar Haupt would have received from East Penn Trucking until he retired and the amount of pay and benefits he expects to receive from his current employment until retirement. You may assume for purposes of your calculations that the Plaintiff would retire at the age of 65, that is you should not award pay on years after the Plaintiff would reach the age of 65.

e.    Spouse's loss of consortium and services: On the claim brought by Mrs. Haupt, you should award an amount of money which the greater weight of the evidence shows will fairly and adequately

compensate her for damages caused by the incident in question. You shall consider the following elements of damage: Any loss by reason of Mr. Haupt's injury, of his services, comfort, society, and attentions in the past and in the future.

f.    Property damage: Any damage to the plaintiff's automobile or other property. The measure of such damages is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the incident and its value after repair. You shall also take into consideration any loss the plaintiffs may have sustained for towing or storage charges and by being deprived of the use of his automobile during the period reasonably required for its replacement or repair.

See Florida Standard Jury Instructions in Civil Cases, 6.1, 6.2 (2/98).

**<u>Jury Instruction No. 14 – Life Expectancy</u>**

If the greater weight of the evidence shows that plaintiff has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long the plaintiff may be expected to live. Such tables are not binding on you but may be considered together with other evidence in the case bearing on plaintiff's health, age and physical condition before and after the injury, in determining the probable length of his life.

<u>See</u> Florida Standard Jury Instructions in Civil Cases, 6.9 (2/98)

**<u>Jury Instruction No. 15 – Reduction of Damages to Present Value</u>**

Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future, should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.  Both the amount of such future economic damages and their present money value should be stated in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what sum will earn in the future, will compensate the plaintiff for these losses as they are actually experienced in future years.

<u>See</u> Florida Standard Jury Instructions in Civil Cases, 6.10 (2/98)

**<u>Jury Instruction No. 16 - Deliberation and Verdict</u>**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish by explaining some things abut your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then given them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this court is juror No.1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 5-5, or 9-l, or whatever your vote happens to be.  That should stay secret until you are finished.

**<u>Jury Instruction No. 17 - Unanimous Verdict</u>**

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

**<u>Jury Instruction No. 18 – Court has No Opinion</u>**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.


**FREY, PETRAKIS, DEEB, BLUM,
BRIGGS & MITTS, P.C.**


/s/

_____
PETER J. DEEB, ESQUIRE
1601 Market Street, 6th Floor
Philadelphia, PA 19103

Attorney for Defendant
The Goodyear Tire & Rubber Company